B 201A (Form 201A) (11/12)

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA

## NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $46 administrative fee, $15 trustee surcharge: Total Fee $306)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $46 administrative fee: Total fee $281)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over

a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1,167 filing fee, $46 administrative fee: Total fee $1,213)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $46 administrative fee: Total fee $246)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.  The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
## Eastern District of North Carolina

In re **Anthony Bush**
_____
Debtor(s)

Case No. **13-00923-8**

Chapter **13**

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

| **Anthony Bush** | X **/s/ Anthony Bush** | **March 1, 2013** |
| --- | --- | --- |
| Printed Name(s) of Debtor(s) | Signature of Debtor | Date |

Case No. (if known) **13-00923-8**

X _____
Signature of Joint Debtor (if any)          Date

---

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

Software Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com                                                      Best Case Bankruptcy

B22C (Official Form 22C) (Chapter 13) (12/10)

| In re | **Anthony Bush** | | According to the calculations required by this statement: |
|---|---|---|---|

Debtor(s)

Case Number: **13-00923-8**

(If known)

According to the calculations required by this statement:

■ **The applicable commitment period is 3 years.**

☐ **The applicable commitment period is 5 years.**

☐ **Disposable income is determined under § 1325(b)(3).**

■ **Disposable income is not determined under § 1325(b)(3).**

(Check the boxes as directed in Lines 17 and 23 of this statement.)

# CHAPTER 13 STATEMENT OF CURRENT MONTHLY INCOME
# AND CALCULATION OF COMMITMENT PERIOD AND DISPOSABLE INCOME

In addition to Schedules I and J, this statement must be completed by every individual chapter 13 debtor, whether or not filing jointly. Joint debtors may complete one statement only.

| | **Part I. REPORT OF INCOME** | | | | |
|---|---|---|---|---|---|
| 1 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ■ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 2-10.**<br>b. ☐ Married. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 2-10.** | | | | |
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | | | **Column A**<br>Debtor's Income | **Column B**<br>Spouse's Income |
| 2 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | | | $ 0.00 | $ |
| 3 | **Income from the operation of a business, profession, or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 3. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part IV.** | | | | |
| | | | **Debtor** | **Spouse** | |
| | a. | Gross receipts | $ 6,619.17 | $ | |
| | b. | Ordinary and necessary business expenses | $ 4,741.48 | $ | |
| | c. | Business income | Subtract Line b from Line a | | $ 1,877.69 | $ |
| 4 | **Rents and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part IV.** | | | | |
| | | | **Debtor** | **Spouse** | |
| | a. | Gross receipts | $ 0.00 | $ | |
| | b. | Ordinary and necessary operating expenses | $ 0.00 | $ | |
| | c. | Rent and other real property income | Subtract Line b from Line a | | $ 0.00 | $ |
| 5 | **Interest, dividends, and royalties.** | | | $ 0.00 | $ |
| 6 | **Pension and retirement income.** | | | $ 1,068.00 | $ |
| 7 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by the debtor's spouse. Each regular payment should be reported in only one column; if a payment is listed in Column A, do not report that payment in Column B. | | | | $ 0.00 | $ |
| 8 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 8. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>Unemployment compensation claimed to be a benefit under the Social Security Act    Debtor $ 0.00    Spouse $ 0.00 | | | | $ 0.00 | $ |

B22C (Official Form 22C) (Chapter 13) (12/10)                                                                                    2

| 9 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. Total and enter on Line 9. **Do not include alimony or separate maintenance payments paid by your spouse, but include all other payments of alimony or separate maintenance. Do not include** any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. | | | | |
|---|---|---|---|---|---|
| | | Debtor | Spouse | | |
| | a. | $ | $ | | |
| | b. | $ | $ | $ 0.00 | $ |
| 10 | **Subtotal.** Add Lines 2 thru 9 in Column A, and, if Column B is completed, add Lines 2 through 9 in Column B. Enter the total(s). | | | $ 2,945.69 | $ |
| 11 | **Total.** If Column B has been completed, add Line 10, Column A to Line 10, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 10, Column A. | | | $ | 2,945.69 |

## Part II. CALCULATION OF § 1325(b)(4) COMMITMENT PERIOD

| 12 | **Enter the amount from Line 11** | | $ | 2,945.69 |
|---|---|---|---|---|
| 13 | **Marital Adjustment.** If you are married, but are not filing jointly with your spouse, AND if you contend that calculation of the commitment period under § 1325(b)(4) does not require inclusion of the income of your spouse, enter on Line 13 the amount of the income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of you or your dependents and specify, in the lines below, the basis for excluding this income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero. | | | |
| | a. | $ | | |
| | b. | $ | | |
| | c. | $ | | |
| | Total and enter on Line 13 | | $ | 0.00 |
| 14 | **Subtract Line 13 from Line 12 and enter the result.** | | $ | 2,945.69 |
| 15 | **Annualized current monthly income for § 1325(b)(4).** Multiply the amount from Line 14 by the number 12 and enter the result. | | $ | 35,348.28 |
| 16 | **Applicable median family income.** Enter the median family income for applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | | | |
| | a. Enter debtor's state of residence:  **NC**    b. Enter debtor's household size:  **1** | | $ | 39,885.00 |
| 17 | **Application of § 1325(b)(4).** Check the applicable box and proceed as directed. ■ **The amount on Line 15 is less than the amount on Line 16.** Check the box for "The applicable commitment period is 3 years" at the top of page 1 of this statement and continue with this statement. ☐ **The amount on Line 15 is not less than the amount on Line 16.** Check the box for "The applicable commitment period is 5 years" at the top of page 1 of this statement and continue with this statement. | | | |

## Part III. APPLICATION OF § 1325(b)(3) FOR DETERMINING DISPOSABLE INCOME

| 18 | **Enter the amount from Line 11.** | | $ | 2,945.69 |
|---|---|---|---|---|
| 19 | **Marital Adjustment.** If you are married, but are not filing jointly with your spouse, enter on Line 19 the total of any income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income(such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero. | | | |
| | a. | $ | | |
| | b. | $ | | |
| | c. | $ | | |
| | Total and enter on Line 19. | | $ | 0.00 |
| 20 | **Current monthly income for § 1325(b)(3).** Subtract Line 19 from Line 18 and enter the result. | | $ | 2,945.69 |

B22C (Official Form 22C) (Chapter 13) (12/10)                                                                              **3**

| 21 | **Annualized current monthly income for § 1325(b)(3).** Multiply the amount from Line 20 by the number 12 and enter the result. | $ | **35,348.28** |
|----|---|---|---|
| 22 | **Applicable median family income.** Enter the amount from Line 16. | $ | **39,885.00** |
| 23 | **Application of § 1325(b)(3).** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 21 is more than the amount on Line 22.**  Check the box for "Disposable income is determined under § 1325(b)(3)" at the top of page 1 of this statement and complete the remaining parts of this statement.<br><br>■ **The amount on Line 21 is not more than the amount on Line 22.**  Check the box for "Disposable income is not determined under § 1325(b)(3)" at the top of page 1 of this statement and complete Part VII of this statement.  **Do not complete Parts IV, V, or VI.** | | |

B22C (Official Form 22C) (Chapter 13) (12/10)    **4**

| Part VII. VERIFICATION | |
|---|---|
| 61 | I declare under penalty of perjury that the information provided in this statement is true and correct.  *(If this is a joint case, both debtors must sign.)*<br><br>Date:  __March 1, 2013__                    Signature:  __/s/ Anthony Bush__<br><br>                                                                        __Anthony Bush__<br>                                                                            (Debtor) |

B22C (Official Form 22C) (Chapter 13) (12/10)                                                                      5

## Current Monthly Income Details for the Debtor

**Debtor Income Details:**
Income for the Period **08/01/2012** to **01/31/2013**.

**Line 3 - Income from operation of a business, profession, or farm**
Source of Income: **AB & Associates DBA Tri County Trucking**
Income/Expense/Net by Month:

|  | Date | Income | Expense | Net |
|---|---|---|---|---|
| 6 Months Ago: | **08/2012** | **$7,133.00** | **$5,161.25** | **$1,971.75** |
| 5 Months Ago: | **09/2012** | **$7,133.00** | **$5,161.25** | **$1,971.75** |
| 4 Months Ago: | **10/2012** | **$7,133.00** | **$5,161.25** | **$1,971.75** |
| 3 Months Ago: | **11/2012** | **$7,133.00** | **$5,161.25** | **$1,971.75** |
| 2 Months Ago: | **12/2012** | **$7,133.00** | **$5,161.25** | **$1,971.75** |
| Last Month: | **01/2013** | **$4,049.99** | **$2,642.60** | **$1,407.39** |
| Average per month: | | **$6,619.17** | **$4,741.48** | |
| | | Average Monthly NET Income: | | **$1,877.69** |

**Line 6 - Pension and retirement income**
Source of Income: **Department of Defense**
Constant income of **$1,068.00** per month.

B7 (Official Form 7) (12/12)

# United States Bankruptcy Court
## Eastern District of North Carolina

In re __Anthony Bush__                                    Case No. __13-00923-8__
                                   Debtor(s)              Chapter __13__

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$4,049.99** | **2013: A&B Assoc DBA Tri County Trucking** |
| **$85,596.00** | **2012: A&B Assoc DBA Tri County Trucking** |
| **$63,481.00** | **2011: A&B Assoc DBA Tri County Trucking** |

---

**2. Income other than from employment or operation of business**

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$2,646.00** | **2013: Military Retirement** |

| AMOUNT | SOURCE |
|---|---|
| **$12,156.00** | **2012: Military Retirement** |
| **$12,156.00** | **2011: Military Retirement** |

---

**3. Payments to creditors**

None ☐

***Complete a. or b., as appropriate, and c.***

a.   *Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **\*Sonja Jackson**<br>**1611 Gander Drive**<br>**Wilmington, NC 28405** | **Monthly** | **$461.97** | **$0.00** |

None ■

b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None ■

c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Nationstar Morgage vs Anthony D. Bush 10SP0461** | **Foreclosure** | **NHC Clerk of Superior Court** | **Sale conducted 02/05/13** |

None ■

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B 7 (12/12)                                                                                                                                      3

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5. Repossessions, foreclosures and returns**

None ☐

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Brook & Scott PLLC**<br>**Attn: Timothy L Hanson**<br>**5121 Parkway Plaza Dr. Ste 300**<br>**Charlotte, NC 28271** | **02/05/13** | **House and Lot located at 143 Francis Marion Drive Wilmington NC 28411**<br><br>**Tax Value $283,839.00** |

**6. Assignments and receiverships**

None ■

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ■

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None ■

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8. Losses**

None ■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

B 7 (12/12)                                                                                                                    4

---

**9.  Payments related to debt counseling or bankruptcy**

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Gillespie & Murphy, PA<br>Attn Managing Agent<br>PO Drawer 888<br>New Bern, NC 28563** | **01/15/2013** | **$1000.00 Attorney Fees<br>$281.00 Filing Fees<br>$20.00 Credit Report<br>$34.00 Credit Counseling** |

---

**10.  Other transfers**

None
■

a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None
■

b.  List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

---

**11.  Closed financial accounts**

None
■

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

---

**12.  Safe deposit boxes**

None
■

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

---

**13.  Setoffs**

None
■

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

---

B 7 (12/12)

5

**14. Property held for another person**

None ■

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15. Prior address of debtor**

None ■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

**16. Spouses and Former Spouses**

None ■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None ■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18 . Nature, location and name of business**

None ☐

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **A&B Associates DBA Tri County Trucking** | 30-023-6759 | **143 Francis Marion Drive Wilmington, NC 28411** | **Transportation** | November 2000 - Present |

None ■

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                    ADDRESS

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19. Books, records and financial statements**

None ■

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                    DATES SERVICES RENDERED

None ■

b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                      ADDRESS                      DATES SERVICES RENDERED

None ■

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                    ADDRESS

None ■

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                                    DATE ISSUED

**20. Inventories**

None ■   a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

|  |  | DOLLAR AMOUNT OF INVENTORY |
| DATE OF INVENTORY | INVENTORY SUPERVISOR | (Specify cost, market or other basis) |

None ■   b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

|  | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY |
| DATE OF INVENTORY | RECORDS |

**21 . Current Partners, Officers, Directors and Shareholders**

None ■   a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |

None ■   b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

|  |  | NATURE AND PERCENTAGE |
| NAME AND ADDRESS | TITLE | OF STOCK OWNERSHIP |

**22 . Former partners, officers, directors and shareholders**

None ■   a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |

None ■   b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |

**23 . Withdrawals from a partnership or distributions by a corporation**

None ■   If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |

**24. Tax Consolidation Group.**

None ■   If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |

B 7 (12/12)                                                                                                                                              8

**25. Pension Funds.**

None
■    If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                                              TAXPAYER IDENTIFICATION NUMBER (EIN)

* * * * * *

B 7 (12/12)                                                                                                                    9

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.


Date  __**March 1, 2013**_____          Signature   __**/s/ Anthony Bush**_____

                                                                   **Anthony Bush**

                                                                   Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

B6A (Official Form 6A) (12/07)

.

In re  **Anthony Bush**                                          ,  Case No.  **13-00923-8**
_____
Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **House & Lot located at 143 Francis Marion Dr. Wilmington NC 28411 FMV: $ 254,999.10  (TV $283,839.00  - 10% liquidation cost) Purchased: 04/18/1995 Price: $ 146,000.00 TV: $ 283,839.00 Ownership: Debtor Monthly Contractual Payment (P/I/E): $1381.00 (2nd Mortgage $610.00 due 5th of month) Due: 1st** | **Fee simple** | - | **254,999.10** | **86,322.00** |

|  | Sub-Total > | **254,999.10** | (Total of this page) |
|---|---|---|---|
|  | Total > | **254,999.10** |  |

**0**   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

B6B (Official Form 6B) (12/07)

In re  **Anthony Bush**                                                                , Case No. __13-00923-8__
                              Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| | Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|---|
| 1. | Cash on hand | | Debtors Cash on hand | - | 15.00 |
| 2. | Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Bank of America Business Checking Acct ending in 6596 | - | 47,346.66 |
| | | | Bank Of America Checking ending in 7658 | - | 11.14 |
| 3. | Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. | Household goods and furnishings, including audio, video, and computer equipment. | | Small Kitchen Appliances | - | 50.00 |
| | | | Stove | - | 200.00 |
| | | | Refrigerator | - | 200.00 |
| | | | Microwave | - | 25.00 |
| | | | Dishwasher | - | 75.00 |
| | | | Washing Machine | - | 100.00 |
| | | | Dryer | - | 100.00 |
| | | | China & Dishes | - | 250.00 |
| | | | Silverware | - | 150.00 |
| | | | Bedroom Furniture | - | 200.00 |
| | | | Dining Room Furniture | - | 300.00 |
| | | | Televisions | - | 500.00 |
| | | | Stereo/Radio | - | 125.00 |

                                                                Sub-Total >        49,647.80
                                                              (Total of this page)

__3__   continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re  **Anthony Bush**
_____,   Case No.   **13-00923-8**_____
                                Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | **VCR/DVD** | - | **75.00** |
| | | **Computer, Printer, Hardware & Software** | - | **500.00** |
| | | **Lawn Mower** | - | **65.00** |
| | | **Yard Maintenance toold & Equipment** | - | **150.00** |
| | | **Office Equipment furnishings & supplies** | - | **85.00** |
| | | **Any and all miscellaneous household goods and personal items.** | - | **1,050.00** |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | **Clothing** | - | **500.00** |
| 7. Furs and jewelry. | | **Jewelry** | - | **300.00** |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars.  (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |

Sub-Total >    **2,725.00**
(Total of this page)

Sheet  **1**  of  **3**  continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re   **Anthony Bush**                                                           ,    Case No.    **13-00923-8**
                                        Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |

Sub-Total >                 **0.00**
(Total of this page)

Sheet __2__ of __3__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    __Anthony Bush_____,    Case No. ___13-00923-8_____
                                     Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2007 Jeep Cherokee Grand Sport-8** VIN:1J8HR783X7C513144 FMV: $ 26,625.00 Nada 02.05.13 Purchased: 2007 Price: $ 31,650.00 Mileage: 90,129 Ownership: Debtor | - | 26,625.00 |
| | | **1999 Kenworth W9001** VIN: 1XKWDB9X0XR816436 FMV: $38,990.00 Purchased: 12/2000 Price: $86,000.00 Mileage: 891,331 Ownership: Debtor | - | 38,990.00 |
| | | **1988 Raven Flatbed Trailer** VIN: 1R1F04823JE880217 FMV: $16,000.00 Purchased: 2007 Price: $20,000.00 Mileage: NA Ownership: Debtor | - | 16,000.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

Sub-Total >    81,615.00
(Total of this page)

Sheet __3__ of __3__ continuation sheets attached
to the Schedule of Personal Property

Total >    133,987.80

(Report also on Summary of Schedules)

B6C (Official Form 6C) (4/10)

In re    **Anthony Bush**
                                                                    ,    Case No.    __13-00923-8__
Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:                    ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                                         $146,450. *(Amount subject to adjustment on 4/1/13, and every three years thereafter*
☐ 11 U.S.C. §522(b)(2)                                                                  *with respect to cases commenced on or after the date of adjustment.)*
■ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property** | | | |
| **House & Lot located at 143 Francis Marion Dr. Wilmington NC 28411**<br>**FMV: $ 254,999.10  (TV $283,839.00  - 10% liquidation cost)**<br>**Purchased: 04/18/1995**<br>**Price: $ 146,000.00**<br>**TV: $ 283,839.00**<br>**Ownership: Debtor**<br>**Monthly Contractual Payment (P/I/E): $1381.00**<br>**(2nd Mortgage $610.00 due 5th of month)**<br>**Due: 1st** | **N.C. Gen. Stat. § 1C-1601(a)(1)** | **30,000.00** | **254,999.10** |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| **Bank Of America Checking ending in 7658** | **38 U.S.C. § 5301(a)** | **11.14** | **11.14** |
| **Household Goods and Furnishings** | | | |
| **Small Kitchen Appliances** | **N.C. Gen. Stat. § 1C-1601(a)(4)** | **50.00** | **50.00** |
| **Stove** | **N.C. Gen. Stat. § 1C-1601(a)(4)** | **200.00** | **200.00** |
| **Refrigerator** | **N.C. Gen. Stat. § 1C-1601(a)(4)** | **200.00** | **200.00** |
| **Microwave** | **N.C. Gen. Stat. § 1C-1601(a)(4)** | **25.00** | **25.00** |
| **Dishwasher** | **N.C. Gen. Stat. § 1C-1601(a)(4)** | **75.00** | **75.00** |
| **Washing Machine** | **N.C. Gen. Stat. § 1C-1601(a)(4)** | **100.00** | **100.00** |
| **Dryer** | **N.C. Gen. Stat. § 1C-1601(a)(4)** | **100.00** | **100.00** |
| **China & Dishes** | **N.C. Gen. Stat. § 1C-1601(a)(4)** | **250.00** | **250.00** |
| **Silverware** | **N.C. Gen. Stat. § 1C-1601(a)(4)** | **150.00** | **150.00** |
| **Bedroom Furniture** | **N.C. Gen. Stat. § 1C-1601(a)(4)** | **200.00** | **200.00** |
| **Dining Room Furniture** | **N.C. Gen. Stat. § 1C-1601(a)(4)** | **300.00** | **300.00** |
| **Televisions** | **N.C. Gen. Stat. § 1C-1601(a)(4)** | **500.00** | **500.00** |
| **Stereo/Radio** | **N.C. Gen. Stat. § 1C-1601(a)(4)** | **125.00** | **125.00** |
| **VCR/DVD** | **N.C. Gen. Stat. § 1C-1601(a)(4)** | **75.00** | **75.00** |
| **Computer, Printer, Hardware & Software** | **N.C. Gen. Stat. § 1C-1601(a)(4)** | **500.00** | **500.00** |
| **Lawn Mower** | **N.C. Gen. Stat. § 1C-1601(a)(4)** | **65.00** | **65.00** |
| **Yard Maintenance toold & Equipment** | **N.C. Gen. Stat. § 1C-1601(a)(4)** | **150.00** | **150.00** |

__1__   continuation sheets attached to Schedule of Property Claimed as Exempt

B6C (Official Form 6C) (4/10) -- Cont.

In re   **Anthony Bush**                                          ,        Case No.      **13-00923-8**
                                    Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
(Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Office Equipment furnishings & supplies** | **N.C. Gen. Stat. § 1C-1601(a)(4)** | **85.00** | **85.00** |
| **Any and all miscellaneous household goods and personal items.** | **N.C. Gen. Stat. § 1C-1601(a)(4)** | **1,050.00** | **1,050.00** |
| **Wearing Apparel** **Clothing** | **N.C. Gen. Stat. § 1C-1601(a)(4)** | **500.00** | **500.00** |
| **Furs and Jewelry** **Jewelry** | **N.C. Gen. Stat. § 1C-1601(a)(4)** | **300.00** | **300.00** |
| **Automobiles, Trucks, Trailers, and Other Vehicles** **2007 Jeep Cherokee Grand Sport-8** **VIN:1J8HR783X7C513144** **FMV: $ 26,625.00 Nada 02.05.13** **Purchased: 2007** **Price: $ 31,650.00** **Mileage: 90,129** **Ownership: Debtor** | **N.C. Gen. Stat. § 1C-1601(a)(3)** | **3,500.00** | **26,625.00** |
| **1999 Kenworth W9001** **VIN: 1XKWDB9X0XR816436** **FMV: $38,990.00** **Purchased: 12/2000** **Price: $86,000.00** **Mileage: 891,331** **Ownership: Debtor** | **N.C. Gen. Stat. § 1C-1601(a)(5)** **N.C. Gen. Stat. § 1C-1601(a)(2)** | **2,000.00** **5,000.00** | **38,990.00** |

|  | Total: | **45,511.14** | **325,625.24** |
|---|---|---|---|

Sheet   **1**   of   **1**   continuation sheets attached to the Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2013 - CCH INCORPORATED - www.bestcase.com                                            Best Case Bankruptcy

Rev. 12/2009

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA

IN THE MATTER OF:                                                                                    CASE NUMBER:
**Anthony Bush**                                                                                     **13-00923-8**
       Debtor(s).

SCHEDULE C-1 - PROPERTY CLAIMED AS EXEMPT

I, __**Anthony Bush**__, claim the following property as exempt pursuant to 11 U.S.C. § 522 and the laws of the State of North Carolina, and nonbankruptcy Federal law:  **(Attach additional sheets if necessary)**.

1.  NCGS 1C-1601(a)(1) (NC Const., Article X, Section 2) REAL OR PERSONAL PROPERTY USED AS A RESIDENCE OR BURIAL PLOT (The exemption is not to exceed $35,000; however, an unmarried debtor who is 65 years of age or older is entitled to retain an aggregate interest in the property not to exceed $60,000 in value so long as the property was previously owned by the debtor as a tenant by the entireties or as a joint tenant with rights of survivorship and the former co-owner of the property is deceased, in which case the debtor must specify his/her age and the name of the former co-owner, if a child use initials only, of the property below).

| Description of Property and Address | Market Value | Owner (H)Husband (W)Wife (J)Joint | Mortgage Holder or Lien Holder | Amount of Mortgage or Lien | Net Value | Value Claimed as Exempt Pursuant to NCGS 1C-1601(a)(1) |
|---|---|---|---|---|---|---|
| **House & Lot located at 143 Francis Marion Dr. Wilmington NC 28411 FMV: $ 254,999.10 (TV $283,839.00  - 10% liquidation cost) Purchased: 04/18/1995 Price: $ 146,000.00 TV: $ 283,839.00 Ownership: Debtor Monthly Contractual Payment (P/I/E): $1381.00 (2nd Mortgage $610.00 due 5th of month) Due: 1st** | **254,999.10** | | **Nationstar Mortgage Bank Of America, N.a.** | **45,484.00 40,838.00** | **168,677.10** | **30,000.00** |

Debtor's Age: _____
Name of former co-owner: _____

VALUE OF REAL ESTATE CLAIMED AS EXEMPT PURSUANT TO NCGS 1C-1601(a)(1):  $      **30,000.00**

2.  NCGS 1C-1601(a)(3) MOTOR VEHICLE (The exemption in one vehicle is not to exceed $3,500).

| Model, Year Style of Auto | Market Value | Owner (H)Husband (W)Wife (J)Joint | Lien Holder | Amount of Lien | Net Value | Value Claimed as Exempt Pursuant to NCGS 1C-1601(a)(3) |
|---|---|---|---|---|---|---|
| **2007 Jeep Cherokee Grand Sport-8 VIN:1J8HR783X7C5 13144 FMV: $ 26,625.00 Nada 02.05.13 Purchased: 2007 Price: $ 31,650.00 Mileage: 90,129 Ownership: Debtor** | **26,625.00** | | | | **26,625.00** | **3,500.00** |

VALUE OF MOTOR VEHICLE CLAIMED AS EXEMPT PURSUANT TO NCGS 1C-1601(a)(3):  $      **3,500.00**

Software Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com                                                        Best Case Bankruptcy

3.  NCGS 1C-1601(a)(4) (NC Const., Article X, Section 1) PERSONAL OR HOUSEHOLD GOODS (The debtor's aggregate interest is not to exceed $5,000 plus $1,000 for each dependent of the debtor, not to exceed $4,000 total for dependents).  The number of dependents for exemption purposes is  __0__ .

| Description of Property | Market Value | Owner (H)Husband (W)Wife (J)Joint | Lien Holder | Amount of Lien | Net Value | Claimed as Exempt Pursuant to NCGS 1C-1601(a)(4) |
|---|---|---|---|---|---|---|
| Any and all miscellaneous household goods and personal items. | 1,050.00 | | | | 1,050.00 | 1,050.00 |
| Bedroom Furniture | 200.00 | | | | 200.00 | 200.00 |
| China & Dishes | 250.00 | | | | 250.00 | 250.00 |
| Clothing | 500.00 | | | | 500.00 | 500.00 |
| Computer, Printer, Hardware & Software | 500.00 | | | | 500.00 | 500.00 |
| Dining Room Furniture | 300.00 | | | | 300.00 | 300.00 |
| Dishwasher | 75.00 | | | | 75.00 | 75.00 |
| Dryer | 100.00 | | | | 100.00 | 100.00 |
| Jewelry | 300.00 | | | | 300.00 | 300.00 |
| Lawn Mower | 65.00 | | | | 65.00 | 65.00 |
| Microwave | 25.00 | | | | 25.00 | 25.00 |
| Office Equipment furnishings & supplies | 85.00 | | | | 85.00 | 85.00 |
| Refrigerator | 200.00 | | | | 200.00 | 200.00 |
| Silverware | 150.00 | | | | 150.00 | 150.00 |
| Small Kitchen Appliances | 50.00 | | | | 50.00 | 50.00 |
| Stereo/Radio | 125.00 | | | | 125.00 | 125.00 |
| Stove | 200.00 | | | | 200.00 | 200.00 |
| Televisions | 500.00 | | | | 500.00 | 500.00 |
| VCR/DVD | 75.00 | | | | 75.00 | 75.00 |
| Washing Machine | 100.00 | | | | 100.00 | 100.00 |
| Yard Maintenance toold & Equipment | 150.00 | | | | 150.00 | 150.00 |

VALUE CLAIMED AS EXEMPT PURSUANT TO NCGS 1C-1601(a)(4):  $    5,000.00

4. NCGS 1C-1601(a)(5) TOOLS OF TRADE (The debtor's aggregate interest is not to exceed $2,000 in value).

| Description | Market Value | Owner (H)Husband (W)Wife (J)Joint | Lien Holder | Amount of Lien | Net Value | Value Claimed as Exempt Pursuant to NCGS 1C-1601(a)(5) |
|---|---|---|---|---|---|---|
| 1999 Kenworth W9001 VIN: 1XKWDB9X0XR816 436 FMV: $38,990.00 Purchased: 12/2000 Price: $86,000.00 Mileage: 891,331 Ownership: Debtor | 38,990.00 | | | | 38,990.00 | 2,000.00 |

VALUE CLAIMED AS EXEMPT  PURSUANT TO NCGS 1C-1601(a)(5):  $    2,000.00

5.  NCGS 1C-1601(a)(6) LIFE INSURANCE (NC Const., Article X, Section 5).

Software Copyright (c) 1996-2010 CCH INCORPORATED - www.bestcase.com                          Best Case Bankruptcy

| Description\Insured\Last Four Digits of Policy Number\Beneficiary(if child, initials only) | | Cash Value |
|---|---|---|
| -NONE- | | |

6.  NCGS 1C-1601(a)(7) PROFESSIONALLY PRESCRIBED HEALTH AIDS (For Debtor or Debtor's Dependents, no limit on value).

| Description |
|---|
| -NONE- |

7.  NCGS 1C-1601(a)(8)  COMPENSATION FOR PERSONAL INJURY, INCLUDING COMPENSATION FROM PRIVATE DISABILITY POLICIES OR ANNUITIES, OR COMPENSATION FOR DEATH OF A PERSON UPON WHOM THE DEBTOR WAS DEPENDENT FOR SUPPORT. COMPENSATION NOT EXEMPT FROM RELATED LEGAL, HEALTH OR FUNERAL EXPENSE.

| Description AND Source of Compensation, Including Name (If child, initials only) & Last Four Digits of Account Number of any Disability Policy/Annuity |
|---|
| -NONE- |

8.  NCGS 1C-1601(a)(2) ANY PROPERTY (Debtor's aggregate interest in any property is not to exceed $5,000 in value of any unused exemption amount to which the debtor is entitled under NCGS 1C-1601(a)(1)).

| Description of Property and Address | Market Value | Owner (H)Husband (W)Wife (J)Joint | Lien Holder | Amount of Lien | Net Value | Value Claimed as Exempt Pursuant to NCGS 1C-1601(a)(2) |
|---|---|---|---|---|---|---|
| **1999 Kenworth W9001 VIN: 1XKWDB9X0XR816 436 FMV: $38,990.00 Purchased: 12/2000 Price: $86,000.00 Mileage: 891,331 Ownership: Debtor** | **38,990.00** | | | | **38,990.00** | **5,000.00** |

**VALUE CLAIMED AS EXEMPT  PURSUANT TO NCGS 1C-1601(a)(2):  $        5,000.00**

9.  NCGS 1C-1601(a)(9) and 11 U.S.C. § 522  INDIVIDUAL RETIREMENT PLANS & RETIREMENT FUNDS, as defined in the Internal Revenue Code, and any plan treated in the same manner as an individual retirement plan, including individual retirement accounts and Roth retirement accounts as described in §§ 408(a) and 408A of the Internal Revenue Code, individual retirement annuities as described in § 408(b) of the Internal Revenue Code, accounts established as part of a trust described in § 408(c) of the Internal Revenue Code, and funds in an account exempt from taxation under § 401, 403, 408, 408A, 414, 457, or 510(a) of the Internal Revenue Code. For purposes of this subdivision, "Internal Revenue Code" means Code as defined in G.S. 105-228.90.

| Type of Account\Location of Account\Last Four Digits of Account Number |
|---|
| -NONE- |

10.  NCGS 1C-1601(a)(10) FUNDS IN A COLLEGE SAVINGS PLAN, as qualified under § 529 of the Internal Revenue Code, and that are not otherwise excluded from the estate pursuant to 11 U.S.C. §§ 541(b)(5)-(6), (e), not to exceed a cumulative limit of $25,000. If funds were placed in a college savings plan within the 12 months prior to filing, the contributions must have been made in the ordinary course of the debtor's financial affairs and must have been consistent with the debtor's past pattern of contributions. The exemption applies to funds for a child of the debtor that will actually be used for the child's college or university expenses.

| College Savings Plan\Last Four Digits of Account Number\Value\Initials of Child Beneficiary |
|---|
| -NONE- |

11.  NCGS 1C-1601(a)(11) RETIREMENT BENEFITS UNDER THE RETIREMENT PLANS OF OTHER STATES AND GOVERNMENTAL UNITS OF OTHER STATES (The debtor's interest is exempt only to the extent that these benefits are exempt under the laws of the state or governmental unit under which the benefit plan is established).

| Name of Retirement Plan\State Governmental Unit\Last Four Digits of Identifying Number |
|---|
| -NONE- |

Software Copyright (c) 1996-2010 CCH INCORPORATED - www.bestcase.com                                                   Best Case Bankruptcy

12.  NCGS 1C-1601(a)(12) ALIMONY, SUPPORT, SEPARATE MAINTENANCE, AND CHILD SUPPORT PAYMENTS OR FUNDS THAT HAVE BEEN RECEIVED OR TO WHICH THE DEBTOR IS ENTITLED  (The debtor's interest is exempt to the extent the payments or funds are reasonably necessary for the support of the debtor or any dependent of the debtor).

| Type of Support\Amount\Location of Funds |
|---|
| -NONE- |

13.  TENANCY BY THE ENTIRETY.  The following property is claimed as exempt pursuant to 11 U.S.C. § 522 and the law of the State of North Carolina pertaining to property held as tenants by the entirety.

| Description of Property and Address | Market Value | Lien Holder | Amount of Lien | Net Value |
|---|---|---|---|---|
| -NONE- | | | | |

**VALUE CLAIMED AS EXEMPT:  $          0.00**

14.  NORTH CAROLINA PENSION FUND EXEMPTIONS

| | |
|---|---|
| -NONE- | |

15.  OTHER EXEMPTIONS CLAIMED UNDER LAWS OF THE STATE OF NORTH CAROLINA

| | |
|---|---|
| -NONE- | |

16.  FEDERAL PENSION FUND EXEMPTIONS

| a. | **Veterans' Benefits, 38 U.S.C. § 5301(a)** | **11.14** |
|---|---|---|

17.  OTHER EXEMPTIONS CLAIMED UNDER NONBANKRUPTCY FEDERAL LAW

| | |
|---|---|
| -NONE- | |

18.  RECENT PURCHASES

(a).  List tangible personal property purchased by the debtor within ninety (90) days of the filing of the bankruptcy petition.

| Description | Market Value | Lien Holder | Amount of Lien | Net Value |
|---|---|---|---|---|
| -NONE- | | | | |

(b).  List any tangible personal property from 18(a) that is directly traceable to the liquidation or conversion of property that may be exempt and that was not acquired by transferring or using additional property.

| Description of Replacement Property | Description of Property Liquidated or Converted that May Be Exempt |
|---|---|
| | |

19. The debtor's property is subject to the following claims:

a.            Of the United States or its agencies as provided by federal law.

b.            Of the State of North Carolina or its subdivisions for taxes, appearance bonds or fiduciary bonds;

c.            Of a lien by a laborer for work done and performed for the person claiming the exemption, but only as to the specific property affected.

d.            Of a lien by a mechanic for work done on the premises, but only as to the specific property affected.

e.            For payment of obligations contracted for the purchase of specific real property affected.

f.            For contractual security interests in specific property affected; provided, that the exemptions shall apply to the debtor's household goods notwithstanding any contract for a nonpossessory, nonpurchase money security interest in any such goods.

g.            For statutory liens, on the specific property affected, other than judicial liens.

h.            For child support, alimony or distributive award order pursuant to Chapter 50 of the General Statutes of North Carolina.

i.            For criminal restitution orders docketed as civil judgments pursuant to G.S. 15A-1340.38.

j.            Debts of a kind specified in 11 U.S.C. § 523(a)(1) (certain taxes), (5) (domestic support obligations).

k.            Debts of a kind specified in 11 U.S.C. § 522(c).

| Claimant | Nature of Claim | Amount of Claim | Description of Property | Value of Property | Net Value |
|---|---|---|---|---|---|
| -NONE- | | | | | |

None of the property listed in paragraph 18(a), except qualified replacement property under 18(b), has been included in this claim of exemptions.

None of the claims listed in paragraph 19 is subject to this claim of exemptions.

I declare that to the extent any exemptions I have claimed appear on its face to exceed the amount allowed by the applicable statute, I claim only the maximum amount allowed by statute.

Software Copyright (c) 1996-2010 CCH INCORPORATED - www.bestcase.com            Best Case Bankruptcy

**UNSWORN DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF INDIVIDUAL
TO SCHEDULE C-1 - PROPERTY CLAIMED AS EXEMPT**

I,    **Anthony Bush**    , declare under penalty of perjury that I have read the foregoing Schedule C-1 - Property Claimed as Exempt, consisting of 6 sheets, and that they are true and correct to the best of my knowledge, information and belief.

Executed on:  **March  1, 2013**

**Anthony Bush**

Debtor

B6D (Official Form 6D) (12/07)

In re __Anthony Bush__ ,                                  Case No. __13-00923-8__
Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H W | J | C | | | | | | |
| Account No. **1099**<br><br>Bank Of America, N.a.<br>Attention:  Managing Agent<br>4161 Piedmont Pkwy<br>Greensboro, NC 27410 | | | - | | Opened 10/01/00  Last Active 12/01/12<br>2nd Mort O/S<br>House & Lot located at 143 Francis<br>Marion Dr. Wilmington NC 28411<br>FMV: $ 254,999.10  (TV $283,839.00  - 10% liquidation cost)<br>Purchased: 04/18/1995<br>Price: $ 146,000.00 | | | | | |
| | | | | | Value $            254,999.10 | | | | 40,838.00 | 0.00 |
| Account No. **3573**<br><br>Nationstar Mortgage<br>Attn: Bankruptcy<br>350 Highland Dr<br>Lewisville, TX 75067 | | | - | | Opened  4/11/98  Last Active 12/19/12<br>DOT-I/S $45,484.00/5.25/prorata<br>House & Lot located at 143 Francis<br>Marion Dr. Wilmington NC 28411<br>FMV: $ 254,999.10  (TV $283,839.00  - 10% liquidation cost)<br>Purchased: 04/18/1995<br>Price: $ 146,000.00 | | | | | |
| | | | | | Value $            254,999.10 | | | | 45,484.00 | 0.00 |
| Account No.<br><br>Brock & Scott PLLC<br>Attorney At Law<br>5431 Oleander Drive<br>Suite 200<br>Wilmington, NC 28403 | | | | | Representing:<br>Nationstar Mortgage | | | | | |
| | | | | | Value $ | | | | Notice Only | |
| Account No. **3573**<br><br>Nationstar Mortgage<br>Attention:  Managing Agent<br>PO Box 657083<br>Dallas, TX 75265-0783 | | | | | Representing:<br>Nationstar Mortgage | | | | | |
| | | | | | Value $ | | | | Notice Only | |
| __0__ continuation sheets attached | | | | | Subtotal<br>(Total of this page) | | | | 86,322.00 | 0.00 |
| | | | | | Total<br>(Report on Summary of Schedules) | | | | 86,322.00 | 0.00 |

B6E (Official Form 6E) (4/10)

In re    **Anthony Bush**                                                      Case No.    **13-00923-8**

,

Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

_____1_____  continuation sheets attached

B6E (Official Form 6E) (4/10) - Cont.

In re __Anthony Bush_____,    Case No. ___13-00923-8_____
                              Debtor

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

Taxes and Certain Other Debts
Owed to Governmental Units

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY / AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| Account No. **2645** **Internal Revenue Service** **Attention:  Managing Agent** **PO Box 7346** **Philadelphia, PA 19101-7346** | - | | **2011** | | | X | 1,022.94 | 0.00 / 1,022.94 |
| Account No. **2645** **North Carolina Dept of Revenue** **Attn Managing Agent** **PO Box 25000** **Raleigh, NC 27640** | - | | **Listed only as a precaution** | | | X | 1.00 | 1.00 / 0.00 |
| Account No. **1832** **Pender County Tax Collections** **Attention:  Managing Agent** **PO Box 1047** **Burgaw, NC 28425** | - | | **08/16/2010** **Personal Property Tax** **1999 Suzuki** | | | | 30.08 | 0.00 / 30.08 |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |

Sheet __1___ of __1___ continuation sheets attached to    Subtotal    1.00
Schedule of Creditors Holding Unsecured Priority Claims    (Total of this page)    1,054.02 / 1,053.02

Total    1.00
(Report on Summary of Schedules)    1,054.02 / 1,053.02

B6F (Official Form 6F) (12/07)

In re    **Anthony Bush**                                                                    Case No.    **13-00923-8**
_____,
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J | C | | | | | |
| Account No. **6321** <br><br> **Nco Fin /99** <br> **Attention:  Managing Agent** <br> **Po Box 15636** <br> **Wilmington, DE 19850** | | - | | **Opened 4/01/08** <br> **Collection Attorney 06 Nationwide Insurance -** <br> **NOT ADMITTED** | | | | **65.00** |
| Account No. **2150** <br><br> **Revenue Sys** <br> **Attention:  Managing Agent** <br> **2196 Main St** <br> **Dunedin, FL 34698** | | - | | **06 Premium Assignment Corp - NOT ADMITTED** | | | | **217.00** |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |

|  |  |
|---|---|
| Subtotal <br> (Total of this page) | **282.00** |
| Total <br> (Report on Summary of Schedules) | **282.00** |

__**0**__  continuation sheets attached

B6G (Official Form 6G) (12/07)

.

In re __Anthony Bush_____,     Case No. ___13-00923-8_____
                                          Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| | |

__0__ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

B6H (Official Form 6H) (12/07)

.

In re    **Anthony Bush**
_____ ,    Case No. ____**13-00923-8**_____
                                   Debtor

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|

**0**
____  continuation sheets attached to Schedule of Codebtors

Software Copyright (c) 1996-2013 - CCH INCORPORATED - www.bestcase.com                    Best Case Bankruptcy

B6I (Official Form 6I) (12/07)

In re **Anthony Bush** _____     Case No.  **13-00923-8**
                    Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Single** | RELATIONSHIP(S):  **None.** | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Owner Operator** | |
| Name of Employer | **A&B Associates DBA Tri County Trucking** | |
| How long employed | **12 years** | |
| Address of Employer | **143 Francis Marion Drive**<br>**Wilmington, NC 28411** | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions  (Prorate if not paid monthly) | $ | 0.00 | $ | N/A |
| 2. Estimate monthly overtime | $ | 0.00 | $ | N/A |
| 3. SUBTOTAL | $ | 0.00 | $ | N/A |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
| a.  Payroll taxes and social security | $ | 0.00 | $ | N/A |
| b.  Insurance | $ | 0.00 | $ | N/A |
| c.  Union dues | $ | 0.00 | $ | N/A |
| d.  Other (Specify): | $ | 0.00 | $ | N/A |
| | $ | 0.00 | $ | N/A |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 0.00 | $ | N/A |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | 0.00 | $ | N/A |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | 1,877.69 | $ | N/A |
| 8. Income from real property | $ | 0.00 | $ | N/A |
| 9. Interest and dividends | $ | 0.00 | $ | N/A |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | 0.00 | $ | N/A |
| 11. Social security or government assistance (Specify): | $ | 0.00 | $ | N/A |
| | $ | 0.00 | $ | N/A |
| 12. Pension or retirement income | $ | 1,068.00 | $ | N/A |
| 13. Other monthly income (Specify): | $ | 0.00 | $ | N/A |
| | $ | 0.00 | $ | N/A |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | 2,945.69 | $ | N/A |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | 2,945.69 | $ | N/A |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ | | | 2,945.69 |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
        **None Anticipated**

B6J (Official Form 6J) (12/07)

In re **Anthony Bush** _____     Case No. **13-00923-8** _____
                              Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐   Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 0.00 |
| a. Are real estate taxes included?                    Yes **X**      No ___ | | |
| b. Is property insurance included?                    Yes **X**      No ___ | | |
| 2. Utilities:        a. Electricity and heating fuel | $ | 75.00 |
| b. Water and sewer | $ | 75.00 |
| c. Telephone | $ | 0.00 |
| d. Other **See Detailed Expense Attachment** | $ | 150.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 0.00 |
| 4. Food | $ | 250.00 |
| 5. Clothing | $ | 25.00 |
| 6. Laundry and dry cleaning | $ | 25.00 |
| 7. Medical and dental expenses | $ | 0.00 |
| 8. Transportation (not including car payments) | $ | 125.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 50.00 |
| 10. Charitable contributions | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | $ | 0.00 |
| b. Life | $ | 0.00 |
| c. Health | $ | 0.00 |
| d. Auto | $ | 135.00 |
| e. Other | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) **Personal Property** | $ | 20.83 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto | $ | 0.00 |
| b. Other **See Detailed Expense Attachment** | $ | 2,030.97 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other  **See Detailed Expense Attachment** | $ | 112.49 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 3,074.29 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:
      **None Anticipated** _____

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
| a. | Average monthly income from Line 15 of Schedule I | $ | 2,945.69 |
| b. | Average monthly expenses from Line 18 above | $ | 3,074.29 |
| c. | Monthly net income (a. minus b.) | $ | -128.60 |

**B6J (Official Form 6J) (12/07)**

In re   __Anthony Bush__                                    Case No.   __13-00923-8__
                    Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
### Detailed Expense Attachment

**Other Utility Expenditures:**

| | | |
|---|---|---|
| Cable internet phone (bundled) | $ | 125.00 |
| Garbage/Trash Pick-Up | $ | 25.00 |
| **Total Other Utility Expenditures** | $ | **150.00** |

**Other Installment Payments:**

| | | |
|---|---|---|
| Chapter 13 Plan Payment | $ | 1,004.00 |
| 2nd Mortgage on home | $ | 610.00 |
| Child Support | $ | 416.97 |
| **Total Other Installment Payments** | $ | **2,030.97** |

**Other Expenditures:**

| | | |
|---|---|---|
| Grooming/Haircuts | $ | 50.00 |
| Payroll Taxes | $ | 25.57 |
| Delta Dental | $ | 36.92 |
| **Total Other Expenditures** | $ | **112.49** |

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
## Eastern District of North Carolina

In re    **Anthony Bush**                              Case No.    **13-00923-8**
                                    Debtor

Chapter          **13**

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 254,999.10 | | |
| B - Personal Property | Yes | 4 | 133,987.80 | | |
| C - Property Claimed as Exempt | Yes | 5 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 86,322.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | 1,054.02 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | 282.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 2,945.69 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | 3,074.29 |
| Total Number of Sheets of ALL Schedules | | 19 | | | |
| Total Assets | | | 388,986.90 | | |
| Total Liabilities | | | | 87,658.02 | |

Form 6 - Statistical Summary (12/07)

.

# United States Bankruptcy Court
## Eastern District of North Carolina

In re    **Anthony Bush**                                                                    ,    Case No.    **13-00923-8**

                                          Debtor

Chapter                                     **13**

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐  Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 1,054.02 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 1,054.02 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | 2,945.69 |
| Average Expenses (from Schedule J, Line 18) | 3,074.29 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 2,945.69 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 0.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 1,053.02 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 1.00 |
| 4. Total from Schedule F | | 282.00 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 283.00 |

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## Eastern District of North Carolina

In re  **Anthony Bush**
                                                        Case No.    **13-00923-8**
                                        Debtor(s)       Chapter     **13**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

         I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of    **21**
sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date  **March 1, 2013**                              Signature    **/s/ Anthony Bush**
                                                                  **Anthony Bush**
                                                                  Debtor

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§  152 and 3571.

# United States Bankruptcy Court
### Eastern District of North Carolina

In re __Anthony Bush__            Case No. __13-00923-8__

Debtor(s)          Chapter __13__

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | | |
   |---|---|---|
   | For legal services, I have agreed to accept | $ | 3,700.00 |
   | Prior to the filing of this statement I have received | $ | 1,000.00 |
   | Balance Due | $ | 2,700.00 |

2. $ __281.00__ of the filing fee has been paid.

3. The source of the compensation paid to me was:

   ■ Debtor      ☐ Other (specify):

4. The source of compensation to be paid to me is:

   ☐ Debtor      ■ Other (specify):     **Chapter 13 Plan**

5. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. Representation of the debtor in adversary proceedings and other contested bankruptcy matters;
   e. [Other provisions as needed]

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:

   **Refer to attorney fee contract attached hereto.  (Chapter 13 Cases only)**

   **Representation of debtors in an adversary proceeding or other contested bankruptcy matters.  (Chapter 7 cases only)**

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated: __March 1, 2013__          /s/ Robert J. Anderson
                                     **Robert J. Anderson 37992**
                                     **Gillespie & Murphy, P.A.**
                                     **P.O. Drawer 888**
                                     **New Bern, NC 28563**
                                     **(252) 636-2225  Fax: (252) 636-0625**
                                     **gmpa@lawyersforchrist.com**

treated and paid by the Trustee as an administrative expense of the Chapter 13 case.  These fees shall be paid by the Trustee during the first year of the plan unless the court directs otherwise.  The Trustee may without application to the court, modify the Chapter 13 plan to extend the duration of the plan and/or increase the monthly amount of the plan payment in order to provide the funds necessary to pay the attorney fees as set forth herein.  The Trustee must notify the attorney and the client(s) of any necessary plan modifications.

d.        The undersigned has paid $ 1,335.00     upon execution of the agreement.  The remaining balance of the upfront attorney fee and cost are $ 0.00   and must be paid prior to the preparation and filing of the Chapter 13 bankruptcy petition.  **The Chapter 13 petition shall not be filed, in accordance with the bankruptcy code, until all upfront fees and costs, as set forth above are paid and all information requested by attorney is provided, the petition is prepared, reviewed by "Client(s)" for accuracy and signed for verification by "Client(s)".**

Client agrees that if payments are not made as outlined above, attorney may immediately close client(s) file, in which case no further action needs to be taken or services rendered by attorney and said file shall be closed.  The bankruptcy court filing fee shall be returned to the client(s) with all other fees paid non-refundable to attorney.  In the event the "Client(s)" has not paid the upfront fees and costs within 180 days of the date of this Agreement, it shall be presumed that the "Client(s)" has elected not to file bankruptcy.  Any attorney fees paid and costs paid for services such as, but not limited to, credit report, credit counseling, debtor education or similar services after this 180 days shall be forfeited by Client(s) to attorney as non-refundable.**se fee in a Chapter 13 case is as provided in the statement of approved compensation published annually by the clerk and included in the Administrative Guide to Practice and Procedure.  ($3000.00) Though the standard fee will typically be approved by the court without hearing, the trustee may recommend, in appropriate cases, that a lower fee be allowed.  In recommending a standard base fee in converted cases, the trustee shall take into consideration the compensation already received.**

**(2)        SERVICES INCLUDED IN THE BASE FEE.  The standard fee includes the basic services reasonably necessary to properly represent the debtor before the bankruptcy court during the first 12 months after filing the case.**

**(3)        APPLYING FOR A HIGHER BASE FEE.  Applications for approval of a base fee higher that the standard base fee must be filed by the debtor's attorney within 60 days after the conclusion of the creditor's meeting under § 341 of the Bankruptcy Code.**

**(4)        NON-BASE FEE SERVICES DEFINED.  The following services are not covered by the standard base fee, and additional compensation for these services may be awarded by the court:**

(A)    motion for authority to sell real property;

(B)    application to incur debt

(C)    motion to extend or impose the automatic stay for repeat filers;

(D)    prosecution or defense of adversary proceedings;

(E)    filing of formal motions or responses pertaining to three or more matters arising during the first year of the case, including but not limited to the services listed below in subsection (6); and

(F)    any other service that, in the discretion of the court, reasonably warrants additional compensation.

(5)    **APPROVAL OF NON-BASE FEES. Except as specified in subsection (6), applications for fees for any non-base fee services provided to a chapter 13 debtor must be approved by the court. Notice of each application for fees and expenses in any amount under $1,000 must be sent to each debtor, the trustee, and the bankruptcy administrator. Notice of each application for fees and expenses of $1,000 and above must be given to all parties in interest.**

(6)    **PRESUMPTIVE NON-BASE FEES/APPROVAL/NOTICE. The list of presumptively reasonable non-base fee services are contained in the statement of approved compensation published by the clerk and included in the Administrative Guide to Practice and Procedure. Applications for the presumptive non-base fee must be filed with a notice verifying completion of the service and a certificate of service evidencing service of the notice on each debtor, the trustee and the bankruptcy administrator. The applications for presumptive non-base fees will automatically be approved by the court. Alternatively, the debtor's attorney may apply to the court for approval of non-base fees on a "time and expense" basis pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 330. Presumptive Non-base Fees effective October 1, 2008 as outlined in the Administrative Guide are listed below:**

| | |
|---|---|
| (A) Motion to extend or impose the automatic stay for repeat filers | $400.00 |
| (B) Motion to use interrogatories, and interrogatories | $150.00 |
| (C) Motion for turnover | $400.00 |
| (D) Motion to avoid lien | $450.00 |
| (E) Motion to modify plan post-confirmation | $450.00 |
| (F) Motion to substitute collateral | $400.00 |
| (G) Motion for authority to sell property | $450.00 |
| (H) Application to incur debt | $200.00 |
| (I) Defense of motion for relief from stay and/or co-debtor stay | $500.00 |

| | |
|---|---|
| **(J) Handling of an insurance inquiry received more than twelve (12) months after the Chapter 13 case is filed** | **$100.00** |
| **(K) Motion to set aside dismissal** | **$350.00** |
| **(L) Defense of motion to dismiss** | **$250.00** |
| **(M) Motion for hardship discharge** | **$500.00** |
| **(N) Objection to claims** | **$150.00** |
| **(O) Notice to abandon property** | **$150.00** |
| **(P) Motion to Value Collateral and Avoid Mortgage** | **$500.00** |
| **(Q) Motion to Deem Mortgage Current (to be paid directly by the debtor)** | **$350.00** |
| **(R) Amendment to schedules or statement of Financial Affairs** | **$100.00** |
| **(S) Objection to Confirmation** | **$350.00** |

**COSTS APPLIED TO ALL: When the costs for copying and postage exceed $25.00, the actual amount, plus the presumptive fee, shall be reimbursed to counsel.**

**(7)    DISCLOSURE OF FEE PROCEDURES.  Every attorney for a chapter 13 debtor must disclose to the debtor the procedures applicable in this district to awards of attorneys' fees in chapter 13 cases.**

**(8)    INTERIM APPROVAL OF PARTIAL BASE FEE.  An attorney fee as specified in the Administrative Guide to Practice and Procedure for services provided to the debtor up to and including the petition date is authorized and shall be considered part of the base fee.  Any amount in excess of the base fee collected by the attorney prior to filing the chapter 13 petition must be held in the attorney's client trust account pending further order of the court or approval of the fees in accordance with this rule.**

**(9)    PAYMENT OF ATTORNEY FEES/MODIFICATION OF PLAN. The following will be treated and paid as administrative expenses of the chapter 13 case:**

**(A)    the standard base fee, less any partial base fee paid prior to filing the chapter 13 petition; and**

**(B)    any additional amounts awarded in excess of the standard base fee or for non-base fee services.**

**These fees shall be paid by the trustee at the rate set in the Administrative Guide to Practice and Procedure unless the court directs otherwise.  The trustee may, without application to the court, modify the chapter 13 plan to extend the duration of the plan and/or increase the monthly amount of the plan payment in order to provide the funds necessary to pay attorney fees. The trustee must notify the debtor and the debtor's attorney of the plan modification.**

f.      Upon the payment of the up-front portion of the attorney fees set forth in 1(b) above, a file shall be opened and all fees paid to attorney towards the up-front attorney fees shall be deemed non-refundable.  In the event that client elects not to file bankruptcy, all monies paid will be first applied to the up-front attorney's fees and non-refundable, then to other costs incurred by attorney, then to the cost of credit counseling fees, credit report fees, bankruptcy court filing fees or other similar fees/costs and if not expended for such purpose shall be refundable to the "Client(s)' upon request.

g.      If additional services, not included in the standard base fee nor included in local rule 2016-1 of the EDNC Bankruptcy Rules, do become necessary, the "Client(s)' agree(s) to pay for these additional services, upon request, in advance, before the services are rendered at the hourly rate of $300.00 per hour, or a flat fee which payments will be deposited and kept in attorney's client trust account until any necessary court approval is obtained.  In the alternative, the attorney may agree to provide the service and to apply to the Court to add the fees for said services paid through clients Chapter 13 plan, instead of requiring payment directly from client(s).

## 2.      LEGAL SERVICES PROVIDED:

a.      For the fees set forth in 1(a) above, the attorney shall provide basic services reasonably necessary to properly prepare the chapter 13 bankruptcy petition and represent the "Client(s)" before the bankruptcy court during the first 12 months after filing the petition, however, additional fees may be awarded during this 12 months in accordance with the Local Rule 2016-1(a)4(E) of the bankruptcy court for the Eastern District of North Carolina as set forth in 1(e) above.  These services include the following:

1.      Analysis of "Client(s)" financial situation and advising Client(s);
2.      Preparation of petition, schedules, statement of financial affairs, supplemental local forms, chapter 13 plan and mailing matrix;
3.      Correspondence to "Client(s)" regarding "Client(s)' responsibilities and attendance of Section 341 meeting;
4.      Preparation for and representing "Client(s)" at Section 341 meetings;
5.      Exemption planning;
6.      Providing information to the court, the trustee and creditors in accordance with the Bankruptcy Code and the Local Rules of the EDNC;
7.      Review of Orders related to the case;
8.      Maintaining custody and control of case file;
9.      Obtaining copies of proof of claims and review, if necessary;
10.     If needed, preparation and filing of proofs of claim on your behalf for your creditors;
11.     Defending objection to confirmation of your chapter 13 plan;
12.     Assumption and rejections of unexpired leases and executory contracts;
13.     Preparation for and attendance at valuation hearings;
14.     Calculation of plan payment modifications (no motion filed);
15.     Adding creditor addresses to mailing matrix as needed (however,

"Client(s)" must pay the fee charged by the court for any such amendment which is currently $30.00 per amendment);

16. Responding to "Client(s)'contacts regarding changes in "Client(s)" financial and personal circumstances and advising the court and trustee of the same, if necessary, for the proper administration of "Client(s)" case;

17. Communicating with "Client(s)"as needed for the proper administration of "Client(s)" case;

18. Communicating with creditors as needed for the proper administration of "Client(s)" case;

19. Communicating with the court and trustee as needed for the proper administration of "Client(s)" case;

b. However, in the event some unusual or unexpected event or action occurs that requires more time, expense, and labor for any of the above, the attorney has the right to seek an award of fees through the court for such time, expense and labor.

**3. LEGAL SERVICES NOT PROVIDED:**

a. Conversion to Chapter 7;

b. Representation in any action objecting to discharge in bankruptcy or discharge of a particular debt;

c. Representation in any Adversary Proceeding filed by the Trustee or creditor or Bankruptcy Administrator;

d. Post-discharge actions;

e. Representation before any tax authority

f. The cost of long distance telephone calls and the cost of delivery (other than postage)

g. Fielding telephone calls and correspondence from client's creditors prior to filing of case with the court

h. Searching title or lien records

i. Services initiated to resolve issues concerning concealment of debts or assets or misrepresentation of facts

j. Non-appearances at court or the first meeting of creditors

k. Negotiating or arranging for the retention, redemption. or post discharge release of collateral

l. Reaffirmation agreements and/or motions for redemption

**4. CLIENT(S) OBLIGATIONS:**

a. To pay the fees set out above;

b. To make all payments required by the Client(s) Chapter 13 plan to the Chapter 13 Trustee and pay all outside creditor payments pursuant to "Client(s)" Chapter 13 plan;

c. To provide accurately, completely and honestly all the information necessary to properly analyze the client(s) financial situation and prepare the chapter 13 bankruptcy petition, schedules, statement of financial affairs, supplemental local forms, chapter 13 plan, mailing matrix and other documents as required;

d. To thoroughly review and sign the bankruptcy petition, schedules, statement of

financial affairs, supplemental local forms, chapter 13 plan, mailing matrix and other documents as required and advise attorney of any inaccuracies or changes needed;

e.      To keep the attorney advised at all times of all the client(s) current contact information, including but not limited to, mailing addresses, physical address, email address, work phone number, home phone number, cell number and any other means of contact;

f.      To attend the section 341 meeting of creditors and any other court hearings set in "Client(s)" case and to arrive in a timely manner dressed appropriate for a court proceeding;

g.      To provide any information requested by the Chapter 13 Trustee, Court, Bankruptcy Administrator, attorney for "Client(s)" and any other party in the case, unless the Court rules the "Client(s)" is/are not required to provide the information;

h.      To respond immediately to any phone call, correspondence and requests by the Attorney or staff of Attorney;

i.      Comply with the obligations placed upon the "Client(s)' by Local Rule 4002-1(g), a copy of which is attached hereto;

j.      To do everything asked of "Client(s)' by attorney, Trustee, Court and Bankruptcy Administrator for proper administration of "Client(s)" case.

**5.      POWER OF ATTORNEY REGARDING PAYMENTS MADE BY "CLIENT(S)"**

a.      Pursuant to Local Rule 3070-1(a) of Local Rules of the EDNC Bankruptcy Court, upon conversion or dismissal of your Chapter 13 case prior to confirmation, and unless the Court orders otherwise, the Chapter 13 Trustee shall return to the debtor any payments made by the debtor under the proposed plan, less an administrative expense claim under 11 U.S.C. 503(b). Pursuant to the current practice in the EDNC, if after administrative expenses are paid, there is still money remaining, the Chapter 13 Trustee will return the payment made by the debtor to the office of the attorney representing debtor that filed the case instead of sending the money directly to the debtor.
**THE "CLIENT(S)" HEREBY EXPRESSLY GRANTS ATTORNEY A POWER OF ATTORNEY TO NEGOTIATE ANY FUNDS RECEIVED FROM THE CHAPTER 13 TRUSTEE'S OFFICE UPON CONVERSION OR DISMISSAL OF THE CHAPTER 13 CASE PRIOR TO CONFIRMATION IF THE ATTORNEY FEES THAT WERE TO BE PAID THROUGH THE CHAPTER 13 PLAN PURSUANT TO THIS AGREEMENT ARE STILL DUE AND OWING TO ATTORNEY AT THE TIME OF THE CONVERSION OR DISMISSAL.**

b.      Client understands and agrees that all attorney fees due attorney pursuant to this agreement are due to Attorney regardless of whether the case is confirmed or dismissed prior to confirmation and "Client(s)" is/are not entitled to any refund of any fees paid to Attorney pursuant to this agreement or by Chapter 13 Trustee.

**6.      NO PROMISES OF OUTCOME, FUTURE CREDIT OR TAX ADVISE:**

a.      Client acknowledges that neither attorney nor attorney's staff has made any

promises or guarantees about the outcome of "Client(s)" case or the "Client(s)" ability to obtain future credit.

b.  The attorney representation of the "Client(s)" specifically does not include and the attorney has not undertaken to give tax advice to the client, and attorney has advised the debtor to seek separate counsel or a CPA or tax advisor with regard to any tax advice or tax ramifications of the filing of any bankruptcy proceeding.

**7.  WITHDRAWAL FROM REPRESENTATION:**
The attorney reserves the right to withdraw from this matter (i) if the client fails to honor any part/portion of this agreement, (ii) for any just reason as permitted or required under the North Carolina State Bar's Rules of Professional Conduct, (iii) as permitted by the rules of courts of the State of North Carolina and/or the Bankruptcy Court.  Notification of withdrawal shall be made in writing to the client.  Attorney shall have an automatic right to withdraw from this matter if a check delivered by the client to the attorney is returned for insufficient funds.

**8.  RETENTION OF CLIENT(S) RECORDS:**
Attorney shall scan for retention any of the books, papers, and/or records related to the representation of the client and return all hard copies to the client, if requested.

Client acknowledges and agrees that client's file (with the exception of personal belongings and original documents such as deeds, wills, contracts, etc.) may be destroyed on or after six (6) years from the date client's file is closed. No notice, written or otherwise, shall be provided to client of file destruction following this six year period.

**9.  READ CAREFULLY: Client understands that no paralegal, secretary, or other non-lawyer working at the offices of Gillespie and Murphy, P.A., has the authority (i) to give legal advice, (ii) to recommend that client should or should not file for the protection of bankruptcy, (iii) to recommend that client file under one bankruptcy chapter rather than another chapter, to the extent that such advice or recommendation would involve the exercise of independent legal judgement.  Client acknowledges that no one employed by or affiliated with the law offices of Gillespie and Murphy, P.A., other than an attorney, has given such advice or made any such recommendation to the client.**

**10.  Caution:** Client understands that if client is behind in payments on a car, mobile home, furniture loan, lease or other secured debt, the bankruptcy laws do not stop a creditor from repossessing or otherwise taking such property until such time as the client's case gets filed with the Bankruptcy Court.  Similarly, client understands that foreclosure on a home or a piece of land cannot be stopped until the clients case gets filed with the Bankruptcy Court.

**11.  Returned Checks:** Client will be charged (i) a processing fee of $25.00 for any check in which payment has been refused by the payor bank because of insufficient funds or because the drawer did not have an account at that bank and (ii) any service charges imposed on the attorney by a bank or depository for processing the dishonored check, pursuant to the provisions of N.C.G.S. section 6-21.3 and 25-3-506.

12.     **Payments:** All payments must be made in cash, certified check, cashiers check, or money order unless approved by the attorney handling the case.  Any payments made by personal check will delay the filing of the related bankruptcy petition for ten (10) business days to allow checks to clear the bank.

**Client acknowledges that client has read and understands all the terms of this client authorization for legal services/fee contract.  Client also acknowledges having received a copy of this document which consists of   10   pages.**

/s/Anthony D. Bush                          _____          **02/05/13**
Signature of Client                                Seal                          Date

Anthony D. Bush
Hand written Name of Client

RULE 4002-1
DEBTOR DUTIES

(a)  The following shall apply to individual debtors in all cases.
    (1)  FINANCIAL INFORMATION.  Every individual debtor shall bring to the meeting of creditors under §341 and make available to the trustee evidence of current income, including copies of all payment advices or other evidence of payment, if any, with all but the last four digits of the debtor's social security number redacted, received by the debtor from an employer within 60 days before the filing of the petition.
    (2)  TAX RETURN.  At the meeting of creditors under §341, the debtor shall provide to the trustee a copy of the debtor's Federal income tax return for the most recent tax year ending immediately before the commencement of the case and for which a return was filed, including any attachments, or a transcript of the tax return, or provide a written statement that the documentation does not exist.
    (3)  The debtor's obligation to provide tax returns under Federal Bankruptcy Rules 4002(b)(3) and 4002 (b)(4), and Local Bankruptcy Rule 4002-1(a)(2) and (b)(2) is subject to procedures for safeguarding the confidentiality of tax information established by the Director of the Administrative Office of the United States Courts, except that with respect to tax returns provided b the debtor under Local Bankruptcy Rule 4002-1(a)(2) and (b)(2), the trustee and bankruptcy administrator are not subject to the procedures for requesting the obtaining access to tax information established by the Director of the Administrative Office of the United States Courts.

(g)  CHAPTER 13 - DEBTOR DUTIES.  The following shall apply in chapter 13 cases.
    (1)  SCHEDULES AND STATEMENTS REQUIRED.  A debtor in a case under chapter 13 shall comply with the requirements of Local Bankruptcy Rule 1007-1.
    (2)  PAYMENTS UNDER PLAN.  The debtor shall begin making the payments called for in the proposed plan on the first day of the first month following the month in which the chapter 13 case is filed.  The payments shall be made as directed by the standing chapter 13 trustee.
    (3)  DIRECT PAYMENTS TO CREDITORS.  If secured claims are to be paid outside the plan, the debtor shall continue to make the regular scheduled payments to the secured creditor prior to confirmation.
    (4)  DISPOSITION OF PROPERTY.  The debtor shall not dispose of any non-exempt property having a fair market value of more than $5,000 by sale or otherwise without prior approval of the trustee and an order of the court.
    (5)  OBTAINING CREDIT.  The debtor shall not purchase additional property or incur additional debt of $7,500 or more without prior approval from the court.  The debtor must give notice of the application to purchase additional property or to incur additional debt to the chapter 13 trustee, who must respond within five days of receipt of the notice.  If no objection is filed, the court may approve the application without a hearing.
    (6)  ADEQUATE PROTECTION.  When a case is dismissed prior to confirmation, the court may require the debtor to provide adequate protection to one or more secured creditors by directing that the chapter 13 trustee make adequate protection payments from funds received under paragraph (f)(2) (Payments Under Plan) of this rule.
    (7)  INSURANCE COVERAGE.
        (A)  The debtor shall keep the property of the debtor and the bankruptcy estate insured in a manner and to the extent as may be deemed necessary, with loss payable clauses, in the case of pledged or mortgages property, in favor of the appropriate secured creditors as their interest may appear.
        (B)  The debtor shall ensure that any vehicle, if it is property of the debtor or property of the estate and is required by a security agreement, lease or other similar agreement to be covered by collision insurance, is not driven, unless the vehicle is so covered.

# Gillespie and Murphy, P.A.

## Attorneys at Law

gmpa@lawyersforchrist.com

**1-800-453-9851**

| | |
|---|---|
| 320 Middle Street | 321 N. Front Street |
| Post Office Drawer 888 | Wilmington, NC 28401 |
| New Bern, NC 28563 | (910) 254-3456 |
| (252) 636-2225 | |

### Client Authorization for Legal Services, Bankruptcy Fee Contract, Chapter 13 Case

The undersigned "Client(s)" retains the law offices of Gillespie and Murphy, P.A. (hereafter referred to as "attorney") for the purpose of filing a petition under Chapter 13 of the U.S. Bankruptcy Code (the "case.")  The attorney shall represent the client in a Chapter 13 bankruptcy proceeding before the United States Bankruptcy Court for the Eastern District of North Carolina, subject to the terms of this agreement as set forth herein.

1.　　**FEES AND COSTS AND TERMS OF PAYMENT:**

　　a.　　Client(s) agree(s) attorney shall be paid a total of $__4,035.00_____.
　　　　This amount includes the following:

　　　　1.　__$3,700.00___　　attorney fees;
　　　　2.　__$20.00___　　credit report fee ($20.00 per person);
　　　　3.　__$34.00___　　internet credit counseling fee;
　　　　4.　_____　　debtor education fee, if any;
　　　　5.　__$281.00___　　bankruptcy court filing fee;
　　　　6.　_____　　other services_____

　　b.　　The following amount of fees and costs must be paid prior to the final preparation
　　　　of and filing of the Chapter 13 bankruptcy petition:

　　　　1.　__$1,000.00___　　up front portion of attorney fee;
　　　　2.　__$20.00___　　credit report fee;
　　　　3.　__$34.00___　　internet credit counseling fee;
　　　　4.　_____　　debtor education fee, if any;
　　　　5.　__$281.00___　　bankruptcy court filing fee;
　　　　6.　_____　　other services_____

　　TOTAL UP FRONT FEES AND COSTS:　__$1,335.00__

　　c.　　The balance of the attorney fee of $_2,700.00_____ shall be paid through the
　　　　client(s) Chapter 13 plan in accordance with the applicable provisions of the
　　　　Bankruptcy Code and the applicable provisions of the Local Rules of the
　　　　Bankruptcy Court for the Eastern District of North Carolina (EDNC).  Attorney
　　　　fees to be paid through the Chapter 13 plan (the portion of the attorney fee not
　　　　paid upfront/pre-petition and any additional compensation awarded the attorney
　　　　upon application to the court pursuant to Rule 2016-1 (a)(9)(A) herein) shall be